7 F.3d 233
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Stanley JACKSON, Plaintiff-Appellant,
v.
Jerome J. WISNESKI, Dr., Defendant-Appellee.
 No. 93-1754.
 United States Court of Appeals, Sixth Circuit.
 Oct. 6, 1993.
 
 Before: KENNEDY, SILER and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Stanley Jackson, a pro se Michigan prisoner, appeals from a grant of summary judgment in favor of the defendant in this suit filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and injunctive relief, Jackson filed a complaint and a motion for a preliminary injunction alleging a violation of his Eighth Amendment right to be free from cruel and unusual punishment. Specifically, Jackson alleged that the defendant, Dr. Jerome Wisneski, had been deliberately indifferent to his serious medical needs. According to Jackson, in 1974, he underwent surgery to repair a left inguinal hernia. Jackson states that, subsequent to his criminal conviction and his incarceration, he reinjured this area while exercising. Jackson sought treatment, and, according to Jackson, he was examined by a prison nurse on two occasions and was examined by the defendant on five occasions. The defendant determined that no hernia was present and refused Jackson's request for an x-ray. Ultimately, the defendant referred Jackson to another doctor for a second opinion. Subsequently, Jackson filed his complaint, suing the defendant in his individual capacity.
 
 
 3
 This court's review of a grant of summary judgment is de novo; it uses the same test as used by the district court. Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir.1991). The movant has the burden to show that the non-moving party has not established an essential element of his case upon which he would bear the ultimate burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party's burden may be discharged by pointing out to the district court that there is an absence of evidence to support the non-moving party's case. Id. at 325.
 
 
 4
 Under the Eighth Amendment, prison authorities may be sued for deliberate indifference to the serious medical needs of prisoners where such indifference constitutes the unnecessary and wanton infliction of pain. Estelle v. Gamble, 429 U.S. 97, 104 (1976). There are two components to such a claim. Wilson v. Seiter, 111 S.Ct. 2321, 2324 (1991); Caldwell v. Moore, 968 F.2d 595, 602 (6th Cir.1992). The first component asks whether the deprivation complained of was sufficiently serious. Id. The second component asks whether the officials acted with a sufficiently culpable state of mind. Id.
 
 
 5
 We are satisfied that Jackson failed to create a genuine issue of material fact on the second component. Specifically, the record indicates that the defendant examined Jackson on numerous occasions for the presence of a hernia. None was found. Although Jackson contends that the defendant determined that there was a "possible hernia," the record reveals that Jackson was merely referred to the defendant because of a possible hernia. Ultimately, the defendant referred Jackson to a second physician. Based upon the foregoing, it is clear that the defendant did not act with deliberate indifference, and, therefore, there was no genuine issue of material fact, and the defendant was entitled to judgment as a matter of law.
 
 
 6
 Accordingly, Jackson's motion to proceed on appeal in forma pauperis is granted, the remainder of his motions are denied, and the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.